UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO DEL TORO,

                Plaintiff,

  -against-

NOVUS EQUITIES, LLC,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/29/2021

20-cv-1002 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Francisco Del Toro ("Plaintiff") brings this action against Novus Equities, LLC ("Novus"), alleging that Novus materially breached an independent contractor agreement. (ECF No. 1.) Presently before the Court is Novus' motion to dismiss the Complaint, or in the alternative, to transfer venue. (ECF No. 15.) For the following reasons, the motion is DENIED.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint (ECF No. 1) as well as the parties' July 8, 2015 agreement that is incorporated into the Complaint by reference,[1] and are accepted as true and construed in the light most favorable to Plaintiff for purposes of this motion.

On or about June 1, 2015, Plaintiff began working as a consultant for Novus. (ECF No. 1 ¶ 5.) On July 8, 2015, the parties entered into an independent contractor agreement (the "Agreement") pursuant to which Plaintiff would work as a contractor for Novus to assist with planning, developing, and certain architectural services. (ECF No. 15 at Ex. A.) The Agreement

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), a court "may review only a narrow universe of materials" without converting the motion into one for summary judgment. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). This generally includes "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

1

states that any modifications or amendments had to be in writing and signed by both parties. (*Id.*)

The Agreement also states:

> [t]his Agreement will be governed by and construed in accordance with the laws of the State of New Jersey as applicable to contracts made and to be performed in that state, without regard to conflicts of laws principles. The Parties consent to the personal jurisdiction and venue of the state and federal courts of, New Jersey.

(*Id.*) The Agreement terminated on June 30, 2018. (*Id.*)

On May 1, 2018, prior to the expiration of the Agreement, the parties negotiated a new independent contractor agreement (the "Second Agreement"). (ECF No. 1 ¶¶ 6-7.) Pursuant to the Second Agreement, Plaintiff located three development projects for Novus, and sought out properties, attended community affairs meetings, conducted lobbying, met with architects, and obtained zoning approval to advance these projects. (*Id.* ¶ 8.)

On or about December 15, 2018, Novus terminated Plaintiff's position as a consultant, and refused to compensate him for his services. (*Id.* ¶¶ 11-12.) Plaintiff filed this action on December 12, 2019 in the Supreme Court of the State of New York, County of Westchester, and it was removed to this Court on February 5, 2020. (*See id.*) On October 21, 2020, Novus filed a motion to dismiss the Complaint, (ECF No. 15), and Plaintiff filed a brief in opposition, (ECF No. 14.)

## LEGAL STANDARD

### I.      Federal Rule 12(b)(1)

When a court lacks the statutory or constitutional power to adjudicate a case, it should dismiss the case for lack of subject matter jurisdiction under Rule 12(b)(1). *Nike, Inc. v. Already*, LLC, 663 F.3d 89, 94 (2d Cir. 2011). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In assessing whether there is subject matter jurisdiction, the Court must accept as true all material facts alleged in the complaint or the petition, *Tandon v.*

*Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014), but "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

**II.     Federal Rule 12(b)(2)**

A court must dismiss an action against any defendant over whom it lacks personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). To survive a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of "mak[ing] a prima facie showing that jurisdiction exists." *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 167 (2d Cir. 2013) (quoting *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006)). This entails "making 'legally sufficient allegations of jurisdiction,' including 'an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'" *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) (quoting *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003)). When evaluating whether Plaintiff has met its burden, the court will "construe the pleadings and any supporting materials in the light most favorable to the plaintiff[]." *Licci*, 732 F.3d at 167 (citing *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)).

In ruling on a 12(b)(2) motion, a court may consider materials outside the pleadings, including affidavits and other written materials. *See MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) ("when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing") (internal quotations omitted). The court assumes the verity of the allegations "to the extent they are uncontroverted by the defendant's affidavits." *Id.* (internal quotations omitted). Nonetheless,

3

all factual doubts and disputes are resolved in the plaintiff's favor. *See A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993).

### III. Federal Rule 12(b)(3)

"On a motion to dismiss for improper venue under Rule 12(b)(3), the burden of proof lies with the plaintiff to show that venue is proper." *Detroit Coffee Co., LLC v. Soup for You, LLC*, No. 16-CV-9875 (JPO), 2018 WL 941747, at *1 (S.D.N.Y. Feb. 16, 2018) (internal quotations omitted) (quoting *Cartier v. Micha, Inc.*, No. 06-CV-4699, 2007 WL 1187188, at *2 (S.D.N.Y. Apr. 20, 2007)). Where no evidentiary hearing has been held, "the plaintiff need only make a *prima facie* showing of [venue]." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (alterations in original) (internal quotations omitted). "Such a showing 'entails making legally sufficient allegations, including an averment of facts that, if credited, would suffice' to establish that . . . venue is proper." *Jenny Yoo Collection, Inc. v. Watters Design Inc.*, No. 16-CV-2205 (VSB), 2017 WL 4997838, at *4 (S.D.N.Y. Oct. 20, 2017) (quoting *BMW of N. Am. LLC v. M/V Courage*, 254 F. Supp. 3d 591, 596–97 (S.D.N.Y. 2017)). In considering whether venue is proper, the Court "must view 'all facts in the light most favorable to the non-moving party.'" *Id*. (quoting *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011)). When considering a Rule 12(b)(3) motion, the court is permitted to consider facts outside the pleadings. *Zaltz v. JDATE*, 952 F. Supp. 2d 439, 447 (E.D.N.Y. 2013).

Upon a finding of improper venue, a court may either dismiss the action, or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Further, "[e]ven when venue is proper in the Southern District of New York, the Court may transfer an action pursuant to 28 U.S.C § 1404(a)." *Fleur v. Delta Air Lines, Inc.*, No. 15-CV-9513, 2016 WL 551622, at *1 (S.D.N.Y. Feb. 2, 2016) (quoting *Solar v.

4

*Annetts*, 707 F. Supp. 2d 437, 441 (S.D.N.Y. 2010)). Specifically, § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).

### IV.     Federal Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678. (quoting *Twombly*, 550 U.S. at 555) (emphasis added). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

Novus raises four main arguments in its motion: (i) the Complaint fails to state a claim as Plaintiff cannot establish the existence of a contract; (ii) the Southern District of New York is an

5

improper venue as the forum selection clause in the Agreement states the federal courts of New Jersey are the proper forum; (iii) the Court lacks personal jurisdiction over Novus as it is a New Jersey corporation; and (iv) the Court should transfer this matter to the federal courts of New Jersey.  The Court first examines whether it has personal jurisdiction over Novus, as "jurisdiction should be assessed prior to the issue of venue and any consideration of the merits."  *Allied Dynamics Corp. v. Kennametal, Inc.*, 965 F. Supp. 2d 276, 288 (E.D.N.Y. 2013) (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963)).

**I.       Personal Jurisdiction**

Novus avers the Court lacks personal jurisdiction over it as (i) the parties have a valid forum selection clause that states New Jersey has jurisdiction over the action; (ii) it is a New Jersey corporation that operates in New Jersey, and (iii) all of the allegations in the Complaint are based on events in New Jersey.  (Memorandum of Law in Support of Defendant Novus Equities LLC's Motion to Dismiss the Complaint or, in the Alternative, to Transfer Venue ("Novus Mem.") ECF No. 15 at 7-8.)  Plaintiff avers that there is no forum selection clause relevant to this action and discusses the parties' contacts with New York.  (Memorandum of Law in Opposition to Defendant Novus Equities's (sic) Motion for Summary Judgment[2] ("Opp.") ECF No. 14 at 4-5.)  Specifically, Plaintiff alleges (i) because he lives in Westchester, "most of the negotiations and work took place from Westchester County"; (ii) he "negotiated a substantial portion of the 2018 agreement in Manhattan" with one of Novus' owners; (iii) "billing for [his] services occurred from Westchester County"; and (iv) he "identified, visited and inspected four potential real estate properties for

---

[2] While Plaintiff mistakenly addresses Novus' motion as one for summary judgment, the Court will evaluate his arguments under the motion to dismiss standard.

6

development in New York City" and toured some of the Manhattan properties with the owner of Novus. (Declaration of Francisco Del Toro ("Del Toro Decl.") ECF No. 14 ¶¶ 10; 17.)[3]

As an initial matter, Novus argues that the Agreement contained a forum selection clause choosing the federal courts of New Jersey as the proper venue. (Novus Mem. at 6-7.) Novus also argues that the Agreement contains a clause requiring modifications to be in writing, and as the Second Agreement was not in writing, it is therefore unenforceable. (*Id.*) However, Plaintiff is not alleging the parties modified the Agreement, he is alleging the parties created a new agreement. Specifically, Plaintiff's Complaint states "plaintiff and defendant negotiated a new independent contractor agreement" in June of 2018. (ECF No. 1 ¶ 6.) While Novus points to Plaintiff's use of the term "revised agreement" in the Complaint to try to argue the Second Agreement was actually a revision of the Agreement, (*id.* ¶ 7), it is clear to the Court that Plaintiff was merely describing the Second Agreement, a completely new contract, as an edited version of the Agreement. The Agreement, which terminated months before the alleged breach of contract, was not the operative agreement during the relevant time period. Plaintiff argues the Second Agreement does not contain a forum selection clause, (Opp. at 4-5), and Novus does not dispute this. Therefore, there is no forum selection clause for the Court to analyze.

Determining whether a federal court has personal jurisdiction over a defendant is a two-part inquiry. First, the Court must evaluate whether jurisdiction is proper under the state's long-arm statute. Second, it must determine whether the exercise of personal jurisdiction comports with the requirements of due process. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).

    a. *New York's Long Arm Statue*

---

[3] As discussed above, the Court may consider materials outside the pleadings, including affidavits and other written materials, in ruling on a 12(b)(2) motion. *MacDermid*, 702 F.3d at 727.

New York's long-arm statute, CPLR 302(a), provides that "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1).  To establish personal jurisdiction under this section, "two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006).  The Court must first determine "based on a totality of the circumstances," whether the defendant has "purposefully availed himself of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws." *Fort Knox Music Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000) (citing *Parke-Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 17 (N.Y. 1970)).  The Court next must determine "if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007).  Specifically for breach of contract, the claim must "arise[] from facts related to the formation, performance, or breach of a contract." *Barrett v. Tema Dev. (1988), Inc.*, 463 F. Supp. 2d 423, 430 (S.D.N.Y. 2006).

To establish personal jurisdiction, Plaintiff alleges that one of the owners of Novus "negotiated a substantial portion" of the Second Agreement in New York, and toured properties pursuant to this agreement in New York.  These alleged contacts are sufficient to satisfy the statute. *See, e.g.*, *Allied Dynamics*, 965 F. Supp. 2d at 292–94 (finding the court had personal jurisdiction over the defendant under the "transacting business" prong of Section 302(a)(1) when "significant contract negotiations took place between the two parties within the state"); *Nat'l Elec. Sys. v. City of Anderson*, 601 F. Supp. 2d 495, 499 (N.D.N.Y. 2009) ("National has made a *prima facie*

showing that defendant, through the conduct of its agent, Spectrum, engaged in purposeful conduct within New York that was related to the contract when it visited Niagara's facility to observe testing of the transformers"); *Anderson v. Indiana Black Expo, Inc.*, 81 F. Supp. 2d 494, 501 (S.D.N.Y. 2000) ("On issues of contract formation and subsequent breach, jurisdiction under 302(a)(1) may well be available if essential negotiations between the parties occurred in New York, even if those negotiations were only preliminary.") (internal quotations and citations omitted). Therefore, the Court finds that Novus' alleged contacts with New York satisfy Section 302(a)(1).

      *b. Due Process*

Due Process requires a finding that (i) the defendant has "certain minimum contacts" with the forum, and (ii) it would be "reasonable" for the Court to exert personal jurisdiction over the non-domiciled defendant based on a totality of factors. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002). For the first prong, the Second Circuit has found that the minimum contacts necessary to support jurisdiction exist "where the defendant 'purposefully availed' itself of the privilege of doing business in the forum and could foresee being 'haled into court' there." *Id*. (internal citation omitted). Where minimum contacts have been established, "the exercise of jurisdiction is favored" unless "the defendant presents a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Chloe*, 616 F.3d at 165 (internal quotation and citation omitted).

Here, Plaintiff alleges he was hired by Novus to "identify, acquire, and develop multi-family real estate opportunities in New Jersey and New York," and, pursuant to the Second Agreement, Plaintiff "identified, visited and inspected four potential real estate properties for development in New York City." (Del Toro Decl. ¶¶ 3; 10.) Novus clearly purposedly availed

itself of the privilege of doing business in New York by seeking real estate properties within the state. Novus could have foreseen being haled into a New York court if any issues ever arose with this business. Plaintiff has therefore established minimum contacts, and the Court finds that Novus' business with Plaintiff in New York invited the reasonable expectation of it being haled to litigate potential business issues in this state.

Further, Novus has not come up with a compelling reason why it would be unjust to make it litigate in this forum.

> It would be unusual, indeed, if a defendant transacted business in New York and the claim asserted arose from that business activity within the meaning of section 302(a)(1), and yet, in connection with the same transaction of business, the defendant cannot be found to have purposefully availed itself of the privilege of doing business in the forum and to have been able to foresee being haled into court there.

*See Licci*, 732 F.3d at 170 (internal quotations omitted). This Court sees nothing extenuating about Novus' circumstances that would prevent it from defending this action in New York.

Accordingly, Novus' motion to dismiss the Complaint for lack of personal jurisdiction is denied.

## II. Venue

Novus next avers this matter should be transferred to the United States District Court for the District Court of New Jersey pursuant to Section 1406(a) because of the parties' forum selection clause, or in the alternative, pursuant to Section 1404(a) because the events forming the basis for Plaintiff's claim occurred in New Jersey. (Novus Mem. at 8-10.) Plaintiff argues venue is proper as the Second Agreement does not contain a forum selection clause, and it was partially negotiated and agreed to in New York. (Opp. at 4-5.)[4]

---

[4] As discussed above, the court is permitted to consider facts outside the pleadings when considering a Rule 12(b)(3) motion. *Zaltz*, 952 F. Supp. 2d at 447.

As discussed above, Plaintiff is alleging a breach of the Second Agreement, which does not contain a forum selection clause. As there is no forum selection clause in the Second Agreement, this will not affect the Court's jurisdiction or venue. Therefore, the Court will not transfer the action pursuant to Section 1406(a).

"District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Ultimately, however, "the party requesting transfer carries the burden of making out a strong case for transfer." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (internal quotations omitted).

Here, Novus claims that "the operative facts underlying this case support the transfer to New Jersey, where the events forming the basis of the purported claim occurred; and, where the convenience of prospective witnesses would be best served." (Novus Mem. at 10.) This is not sufficient to satisfy its burden of overcoming the deference to Plaintiff's choice of forum. *See Bryant v. Potbelly Sandwich Works, LLC*, No. 17-CV-7638 (CM), 2018 WL 898230, at *4 (S.D.N.Y. Feb. 5, 2018) ("Traditionally, Plaintiffs' choice of forum is given great weight in the Court's analysis, and should not be disturbed unless the factors clearly tip in favor of transfer."); *Medien Patent Verwaltung AG v. Warner Bros. Entm't*, 749 F. Supp. 2d 188, 191 (S.D.N.Y. 2010) ("[w]hen a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.") (internal quotation marks omitted). The Court finds that Novus' vague assertions do not create a strong case for transfer of this action.

Accordingly, Novus' motion to transfer this action to the federal district of New Jersey is denied.

### III. Failure to State a Claim

Lastly, Novus argues that the Complaint should be dismissed for failure to state a claim as Plaintiff cannot establish the existence of a contract as the Second Agreement was not in writing. (Novus Mem. at 6.)  In response, Plaintiff argues the Second Agreement was a new contract that the parties intended to create, and pursuant to which Plaintiff substantially performed.  (Opp. at 3-4.)

To succeed in a breach of contract claim under New York Law, Plaintiff must show "(1) the existence of a contract, (2) performance of the contract by one party, (3) breach by the other party, and (4) damages suffered as a result of the breach." *United States Bank Nat'l Ass'n, v. Dexia Real Estate Capital Mkts.,* 959 F. Supp. 2d 443, 447 (S.D.N.Y. 2013) (citing *Beautiful Jewellers Private Ltd. v. Tiffany & Co.,* 438 F. App'x 20, 21–22 (2d Cir. 2011)).  The existence of a contract is a necessary element of a breach of contract claim. *Duckett v. Williams*, 86 F. Supp. 3d 268, 272 (S.D.N.Y. 2015).  The party alleging a breach of contract must "demonstrate the existence of a . . . contract reflecting the terms and conditions of their . . . purported agreement." *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1110 (N.Y. 2011) (internal quotations and citation omitted).

Here, as discussed above, Plaintiff is alleging a breach of the Second Agreement, (ECF No. 1 ¶¶ 10-13), which was a new contractor agreement, not a modification of the Agreement.  Therefore, the Agreement does not require it to be in writing.  Further, at this stage, Plaintiff has adequately alleged the requisite elements of a breach of a contract action.  In particular, the Complaint states that Plaintiff and Novus entered into a contract for Plaintiff to perform architectural services for Novus; Novus agreed to pay for Plaintiff's services; Plaintiff performed

12

on the contract; Novus failed to pay Plaintiff; and Plaintiff suffered damages in the amount of $1,800,000.00. (ECF No. 1 ¶¶ 6-14.) The Court therefore declines to dismiss Plaintiff's breach of contract claim.

Accordingly, Novus' motion to dismiss the Complaint for failure to state a claim is denied.

## CONCLUSION

For the foregoing reasons, the motion to dismiss the Complaint is denied. Novus is directed to file an answer to the Complaint by December 15, 2021. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 15.

Dated: November 29, 2021  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge