```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __04/09/2024__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO DEL TORO,

                Plaintiff,

  -against-

NOVUS EQUITIES, LLC,

                Defendant.

No. 20 Civ. 1002 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Francisco Del Toro ("Plaintiff") brings this action against Novus Equities, LLC ("Defendant"), alleging that Novus materially breached an independent contractor agreement. (ECF No. 1.) Presently before this Court is Defendant's motion for summary judgment (the "Motion") pursuant to Federal Rules of Civil Procedure Rule 56. (ECF No. 42.) For the reasons discussed below, the Motion is GRANTED.

## FACTUAL BACKGROUND

    The following facts derive from the Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 ("Def.'s 56.1", ECF No. 80) and the record.[1]

    On or about June 1, 2015, Plaintiff began working as a consultant for Defendant. (ECF No. 1 ¶ 5.) On July 8, 2015, the parties entered into an independent contractor agreement (the "2015 Agreement") pursuant to which Plaintiff would assist Defendant with real estate planning, developing, and certain architectural services. (*See* ECF No. 42-2.) The 2015 Agreement states

---

[1] Plaintiff did not submit a Counterstatement of Undisputed Material Facts Pursuant to Local Rule 56.1, but rather only replied to Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1. (*See* ECF No. 46.)

that any modifications or amendments to the Agreement had to be in writing and signed by both parties. (*Id.*) The Agreement contained an expiration date of June 30, 2018. (*Id.*)

Prior to the expiration of the 2015 Agreement, the Parties began negotiating a new agreement. (Def.'s 56.1 ¶ 9.) On April 27, 2018, Plaintiff sent the principals of Defendant an email outlining a series of points relating to his compensation structure. (*See* ECF No. 42-3.) The April 27 email only referenced the "salient points of compensation structure" and was entitled "Agreed Compensation Structure." (*Id.*) The email did not include any representations and warranties, a designation of Plaintiff as an independent contractor, an insurance provision, an indemnification provision, a confidentiality provision, a non-compete clause, a non-circumvent clause, or any other general terms (*See id.*) On May 1, 2018, Scott Seale ("Seale"), a principal of Defendant, responded to Plaintiff that any future agreement would also require "a unit count threshold for the condominium participation," but "[o]therwise this looks correct." (*See* ECF No. 42-4.)

The parties dispute whether further negotiations continued followed Seale's May 1 email. Plaintiff claims that the April 27 email memorialized the terms the parties had negotiated and agreed upon, and Seale's May 1 response signaled Defendant's assent to those negotiated terms, and thus the creation of new agreement. (Pltf.'s Opp. at 9.) Defendant, however, argues that no agreement was reached and negotiations continued between the parties. (Def.'s 56.1 ¶ 25.) On August 10, 2018, Seale notified Plaintiff that counsel was still in the process of commenting and reviewing an agreement. (*Id.* ¶ 26.) Upon completion, Defendant would "need to incorporate for you + yours to review. Like any contract [Defendant] enter[s]." (*Id.*)

On August 16, 2018, Seale and Plaintiff had a text message exchange in which Seale told Plaintiff "[t]he contracts are not exactly what we thought we had agreed to." (ECF No. 42-5.) On August 17, 2018, Plaintiff told a potential attorney that the parties' discussions were "mostly broad

strokes, no specifics" because "[t]here was nothing specific in terms of the terms of the codified or codifiable agreement there." (ECF No. 41-2 (Plaintiff Deposition Transcript) at 137:22-138:11.) On August 21, 2018, Seale told Plaintiff, via text, that they needed to "talk / clarify salary / draw fees." (ECF No. 42-5.) On September 18, 2018, Seale told Plaintiff via text that he would circulate an agreement that week. (*Id.*)

On December 26, 2018, Plaintiff emailed Seale, requesting that they "revisit the agreement to reflect the changes," given the reduction in his "scope and responsibilities." (ECF No. 42-9.) Despite the continuing negotiations, at the end of 2018, the parties terminated their relationship. (*See* ECF No. 41-2 at 68:11-19.)

## PROCEDURAL HISTORY

Plaintiff filed this action on December 12, 2019 in the Supreme Court of the State of New York, County of Westchester, and it was removed to this Court on February 5, 2020. (*See* ECF No. 1.) On April 28, 2023, Defendant filed the instant Motion (ECF No. 42), as well as a memorandum of law ("Def.'s MOL", *id.*) and a reply memorandum of law (ECF No. 48) in support thereof. Plaintiff filed an opposition ("Pltf.'s Opp.") to the Motion. (ECF No. 44.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment must be granted if "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 n. 4 (1986). "[G]enuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, [while] materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999) (internal quotations and citations omitted). In order to prove that a genuine issue of material

fact exists, a plaintiff "may not rest upon the mere allegations or denials of the pleading[s]," but must by affidavit or otherwise "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Conclusory statements, conjecture or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996).

Courts must resolve all ambiguities and draw all reasonable factual inferences in favor of the non-moving party. *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). The moving party bears the initial burden of demonstrating an absence of genuine issues of material fact. *See Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). If the initial burden is met, the non-moving party "must produce specific facts indicating that a genuine issue of fact exists. If the evidence [presented by the non-moving party] is merely colorable, or is not significantly probative, summary judgment may be granted." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotations and citations omitted) (alteration in original).

## DISCUSSION

To succeed in a breach of contract claim under New York Law, Plaintiff must show "(1) the existence of a contract, (2) performance of the contract by one party, (3) breach by the other party, and (4) damages suffered as a result of the breach." *MS Elmsford Snack Mart, Inc. v. Weil*, No. 14-CV-2226(NSR), 2018 WL 1281829, at *4 (S.D.N.Y. Mar. 5, 2018) (quoting *United States Bank Nat'l Ass'n, v. Dexia Real Estate Capital Markets,* 959 F. Supp. 2d 443, 447 (S.D.N.Y. 2013)).

In New York, certain contracts must be in writing and signed by the party (or his agent) against whom it is sought to be enforced to satisfy the Statute of Frauds. *See* N.Y. Gen. Oblig. Law § 5-701(a) (McKinney 2002) ("Every agreement, promise or undertaking [covered by these

provisions] is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent...."). In particular, the Statute of Frauds governs contracts that cannot be completed within one year, contracts related to real estate transactions, and finder's fees. N.Y. Gen. Oblig. Law § 5-701 (McKinney); *see also Alkholi v. Macklowe*, 858 F. App'x 388, 391 (2d Cir. 2021) ("the Statute comfortably covers the purported agreement alleged by plaintiffs" because "[t]he essence of plaintiffs' claims is that they are entitled to compensation for 'procuring an introduction to a party,' or a prospective party, to a real estate transaction") (citing N.Y. Gen. Oblig. Law § 5-701(a)(10) (McKinney 2002)); *Darby Trading Inc. v. Shell Int'l Trading & Shipping Co.*, 568 F. Supp. 2d 329, 338–39 (S.D.N.Y. 2008) ("[t]he Statute of Frauds forbids the imposition of a performance obligation on a defendant necessarily extending beyond one year, in the absence of a writing(s) which sets forth all of the essential terms of the agreement imposing that performance obligation.") (quoting *Multi–Juice, S.A. v. Snapple Beverage Corp.,* No. 02–CV–4635, 2006 WL 1519981, at *10 (S.D.N.Y. June 1, 2006)); *Springwell Corp. v. Falcon Drilling Co., Inc.*, 16 F. Supp. 2d 300, 304 (S.D.N.Y. 1998) ("It is well settled that the Statute of Frauds applies to claims for finder's fees.").

In addition, to satisfy the Statute of Frauds, a purported contract "must contain expressly or by reasonable implication *all the material terms* of the agreement." *Alkholi*, 858 F. App'x at 390–91 (quoting *Morris Cohon & Co. v. Russell*, 23 N.Y.2d 569, 575, 297 N.Y.S.2d 947, 245 N.E.2d 712 (N.Y. 1969)) (emphasis in original); *see also Bodner v. FDIC,* 1998 WL 639284 *3–4, 162 F.3d 1147 (2d Cir. 1998). "A term is 'essential,' and must thus appear in the 'memorandum,' if it seriously affects the rights and obligations of the parties." *Miller v. Tawil*, 165 F. Supp. 2d 487, 494 (S.D.N.Y. 2001) (quoting *Ginsberg Mach. Co. v. J. & H. Label Processing Corp.,* 341 F.2d 825, 828 (2d Cir. 1965).) Finally, in determining whether the Statute of Frauds is satisfied,

New York law permits "signed and unsigned writings to be read together, provided that they clearly refer to the same subject matter or transaction." *Crabtree v. Elizabeth Arden Sales Corp.*, 305 N.Y. 48, 55, 110 N.E.2d 551 (N.Y. 1953).

Defendant argues that any potential agreement reached between the parties failed to satisfy the Statute of Frauds. (Def.'s MOL at 11-12.) Plaintiff disagrees, arguing that the parties' email exchange on April 27 and May 1 satisfied the Statute of Frauds. (Plt's Opp. at 11.)

The Court begins its analysis by acknowledging that any purported agreement between the parties would fall under the Statute of Frauds. *First*, according to Plaintiff's April 27 email, Plaintiff's work for Defendant would be completed over "ten (10) years or duration of association with [Defendant], whichever is greater." (ECF No. 42-3.) *Second*, Defendant retained Plaintiff to assist with real estate planning, development, and architectural services. (*See* ECF No. 42-2.) Accordingly, any future agreement between them would have been an agreement to "pay [Plaintiff] compensation for services rendered in . . . negotiating the purchase, sale, exchange, renting or leasing of . . . real estate." N.Y. Gen. Oblig. Law § 5-701 (McKinney). *Third*, per Plaintiff's April 27 email, which he contends constitutes the compensation terms under the parties' future agreement, Plaintiff would be entitled to finder's fees. (*See* ECF No. 42-3.) Thus, the Statute of Frauds governs any agreement between the parties.

Plaintiff argues that his April 27 email and Seale's May 1 response constitute written evidence of an agreement and thus satisfy the Statute of Frauds. (Pltf.'s Opp. at 11.) The Court disagrees. Though the emails constitute writing, they do not "contain expressly or by reasonable implication *all the material terms* of the agreement." *Alkholi*, 858 F. App'x at 390–91 (emphasis in original). The email exchange between Plaintiff and Seale sets out, per its own terms, only the "salient points of compensation structure." (*See* ECF Nos. 42-3, 42-4.) The exchange does not

contain the material terms beyond compensation that were left to be negotiated, including the scope of Plaintiff's work. Courts in this Circuit have consistently found writings which lack information about the scope of a party's duties to be unenforceable under the Statute of Frauds. *See, e.g., Wolet Cap. Corp. v. Walmart Inc.*, No. 18-CV-12380 (LJL), 2021 WL 242297, at *8 (S.D.N.Y. Jan. 25, 2021) (finding that writings which did not define the scope of the services that party was allegedly obligated to render "fatal to [p]laintiff's claim for breach of contract under the Statute of Frauds"); *Foros Advisors LLC v. Digital Globe, Inc.*, 333 F. Supp. 3d 354, 364 (S.D.N.Y. 2018) (writing which did not describe "the type of advisory role [a party] would play in the transaction or the scope of [a party's] responsibilities…fail[ed] to satisfy the Statute of Frauds"); *Schlamowitz v. Tirado*, No. 12 CV 504 CLP, 2014 WL 4199711, at *5 (E.D.N.Y. Aug. 22, 2014) ("where a contract does not have such essential terms as the…manner of performance…, the contract is unenforceable") (quoting *Cleveland Wrecking Co. v. Hercules Constr. Corp.,* 23 F.Supp.2d 287, 292 (E.D.N.Y. 1998)).

The parties' April 27 and May 1 email exchange also did not include any representations and warranties, employee/independent contractor designation, insurance provisions, indemnification provisions, confidentiality provisions, non-compete clauses and non-circumvent clauses. Terms like these, however, certainly affect "the rights and obligations of the parties" and are therefore material terms. Indeed, such terms are usually vigorously negotiated in terms of language and scope, *Miller*, 165 F. Supp. 2d at 494, and were included in the 2015 Agreement, *see* ECF No. 42-2. The Court therefore holds that the April 27 and May 1 emails "leave open numerous material terms that would substantially effect the rights and obligations of the parties." *Miller*, 165 F. Supp. 2d at 494–95. In the absence of these material terms, any purported agreement set out between the parties in the April 27 and May 1 emails is unenforceable under the Statute of Frauds.

Accordingly, the Statute of Frauds bars Plaintiff's breach of contract claim as a matter of law. *See Cacchillo v. Insmed, Inc.*, 551 F. App'x 592, 594 (2d Cir. 2014) (summary order) (upholding grant of summary judgment where contract at issue was governed by the Statute of Frauds and failure to satisfy the Statute of Frauds barred Plaintiff's breach of contract claim). The Court awards Defendant summary judgment on Plaintiff's breach of contract claim.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 42 and to enter judgment in favor of Defendant and close the case.

Dated:  April 9, 2024                                                     SO ORDERED:
        White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge